On Rehearing.
PROVOSTX, J.
Plaintiff alleges that he and defendant entered into the following contract:
“State of Louisiana, Parish of Caddo.
“Know all men by these presents, that we, Julian E. Whitworth and H. Kaplan, do hereby contract and agree as follows:
“The said Whitworth hereby agrees and binds himself to make the said Kaplan a bond for title for the lands describen as the west half ■of section thirty-five (35), township two (2), range fifteen (15); the east half of the east half (E. y2 of E. y2) of section thirty-four (34), same township and range, less that portion- sold by said Whitworth to J. B. Newby, containing eighty-six and ?3/ioo acres (86.73), as shown by deed duly recorded; and also the northeast ■quarter of the northeast quarter (N. E. % of N. E. 14), section three (3), township twenty-one (21), range fifteen (15)—all situated in Caddo parish, La., as soon as the title to said lands can be examined by Wise, Randolph & Rendall, attorneys.
“Said bond for title to recite the payment of five hundred dollars ($500.00) cash, and the further consideration of the payment of one note due January 1st, 1905, for two thousand dollars ($2,000.00) ; one for fifteen hundred •dollars ($1,500.00) due January 1st, 1906; one for fifteen hundred dollars ($1,500.00) due January 1st, 1907; and one for two thousand dollars, due January 1st, 1908—making a total consideration for the sale of said lands seven thousand five hundred dollars ($7,500.00) and interest.
“Said bond for title to cover the assignment ■or transfer of certain lease or rent notes given said Whitworth by J. J. Robertson, as per lease -of said property duly recorded.
“In testimony whereof, witness our hands on this, the 18th day of May, A. D. 1904.
“J. E. Whitworth.
“H. Kaplan.”
Plaintiff alleges that after the title had ‘been examined by the attorneys named—
“He called on said Whitworth and notified him that he was ready to carry out his agreement, and that he wished the bond of title executed as agreed upon, and that defendant assented thereto and agreed to same;” but that “the execution of the contract was, by mutual consent, postponed for a short time in order that a small portion of the land, which had never been transferred by the State to the Caddo Levee Board, might be so transferred.”
Plaintiff further alleges that defendant sold said land to others, thereby breaking said, contract, to his (plaintiff’s) damage $3,500 difference between $7,500, the said contract price, and $11,000, the value of said land at the date of the said breach of contract plus $25, amount paid to the attorneys for examining the title to said land, $100, interest paid on money borrowed for meeting the payments under said contract, and $400, amount he was compelled to pay to divers persons for obtaining from them his release from contracts into which he had entered with them for the clearing and renting of said lands.
Defendant contended successfully below and contends here that the petition shows no cause of action.
His first argument is that the instrument sued on does not evidence a promise of sale, but at most an agreement to reduce a contract to writing in the future, and that, where the understanding of the parties is that their contract shall be reduced to writing, the reduction to writing stands as a condition precedent to the formation of the contract, the contract is not complete, and neither party is bound until the reduction to writing has taken place.
Defendant is correct in saying that the instrument sued on does not evidence a promise of sale; but he is blind to the facts when he says that the parties did not reduce their contract to writing. Such as the agreement of the parties was, they sat down and reduced it to writing, and the above instrument is the result. Because they did not agree to a sale, or even a promise of sale, is no reason for saying that they did not agree to anything. They could bind them *346 selves by a present contract to enter into another contract in the future. That the execution of a licit future contract, whereof all the terms are fixed, may be the subject of a present contract, has been expressly ruled in other jurisdictions. 9 Cyc. 282; A. & E. E. of Law, vol. 7, p. 140; Drummond v. Crane (Mass.) 35 N. E. 90, 23 L. R. A. 714, 38 Am. St. Rep. 460; Vicksburg W. Works Co. v. Guffy Petro Co. (Miss.) 38 South. 302; Sanders v. Fruit Co., 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757. Under our Code the question could hardly arise, in view of the following provisions:
“Art. 1764. All things that are not forbidden by law, may legally become subject of, or the motive for contracts.”
“Art. 1885. All things in the most extensive sense of the expression, corporeal or incorporeal, movable or immovable, to which rights can legally be acquired, may become the object of contracts.”
Plainly, under these articles, the obligation of Whitworth to execute a bond for title, and the obligation of Kaplan to pay or agree to pay the price for same, could be the object of a valid contract between these parties.
Defendant next says that by the instrument sued on Kaplan does not bind himself to accept the bond of title, or to pay the $500 and deliver the notes, or, in fact, to anything; that Whitworth alone is bound, and that consequently there is no mutuality of obligation and no consideration, and therefore no contract; that there is not even a unilateral contract, because, in the first place, even a unilateral contract must be supported by a consideration of some kind, past or present; and, in the second place, there cannot be under our Code a unilateral promise of sale; that plaintiff’s alleged subsequent acceptance can be of no avail, because it was verbal, and as such not susceptible of proof—parol evidence not being admissible to prove, in whole or in part, a contract involving Title to real estate; finally, that there cannot be said to be a valid agreement to execute a future contract of sale, or of promise of sale, because the rate of interest which the notes are to bear is left uncertain. ■
We shall come at once to the last of these grounds, expressing no opinion as to the others. It appears to us to be fatal to plaintiff’s ease. If parties agree that they shall make a sale, or a promise of sale, in the future, but fail to agree either as to the thing that is to be sold or as to the price at which the sale is to be made, they evidently fail to make any agreement at all. And it is equally plain that, if the rate of the interest which the deferred part of the price is,to bear is not fixed, the price is not fixed; this interest being a component part of the price. The law could not undertake to fix the rate of this interest. To do so would be to fix the price of the sale; and as well might the law undertake to determine what thing is to be sold as undertake to fix the price of the sale.
The articles of the Code (2924, 1935, 1936, 1937, 1938, and 1940) fixing the rate of legal interest can have no application to such a case. In such a case the interest must needs be conventional, since it constitutes the price of a sale, and the price of a sale must necessarily be a matter of convention. When learned counsel for plaintiff argues that the interest in question is legal interest, and as such is fixed by the law at 5 per cent., he loses sight of the fact that this interest constitutes, in part, the price of a sale, and that the price of a sale is necessarily a matter of convention, and cannot be a matter of law.
In our original opinion we reached the same conclusion of the instrument sued on not evidencing a contract, but we thought that Whitworth might nevertheless be held in damages. Further consideration has convinced us that if there was no contract—that is to say, if Whitworth was not bound to *348 sell the property to plaintiff—he did not incur any liability by not doing so. Plaintiff’s ■suit is not ex delicto, but strictly ex contractu. Take away the contract, and the suit remains without foundation and falls. ■“Sublato fundamento cadit opus.”
Differently from the majority of the court the writer of this opinion thinks that plaintiff, has a cause of action ex quasi contractu for one-half of the cost of the examination of title. There was a distinct agreement that the title should be examined, and there was no agreement as to who should pay for the work. Had the sale taken place the expense would have fallen on the buyer, under article 2466, Civ. Code, as part of the ■costs of the sale; but the sale did not take place, and hence there is neither law nor contract fixing the responsibility of this expense upon any one. Under these circumstances, the responsibility must be determined according to equity, and that means that each must pay one half, since the work was done in pursuance of the agreement that it should be done, and as much in the interest of one as of the other, that is to say, as a thing necessary to be done in order that the sale they contemplated, which was for their joint and equal benefit, should take place.
Judgment affirmed.
The CHIEF JUSTICE and MONROE and LAND, JJ., concur in the decree.